UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARTHOLOMEW L. JONES,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | Case No. C21-1334-BJR-SKV<br><br>REPORT AND RECOMMENDATION |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Bartholomew Jones has been granted leave to proceed with this action *in forma pauperis*.  Service has not been ordered.  This Court, having reviewed Plaintiff's complaint, and the balance of the record, recommends that this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B), for failure to state a viable claim for relief.

## II.  DISCUSSION

On September 29, 2021, Plaintiff Bartholomew Jones submitted to the Court for filing two civil complaints, one of which he identified as a complaint under 42 U.S.C. § 1983, and one of which he identified as a class action.  *See* Dkts. 8, 8-1.  Plaintiff alleged in the first of his two

REPORT AND RECOMMENDATION - 1

complaints that the Washington Department of Corrections ("DOC") violated the Prison Rape Elimination Act ("PREA") when the corrections staff at the Monroe Correctional Complex ("MCC") – Twin Rivers Unit ("TRU") failed to properly respond to his complaints that he was being sexually harassed by his cellmate. Dkt. 8 at 2. Plaintiff claimed that when he finally received approval to move to another cell, his cellmate stabbed him in the hand, he defended himself, and both were removed from their housing unit. *Id*. at 2-3. Plaintiff alleged that the DOC neglected his physical safety when they allowed Plaintiff's cellmate, a convicted murderer, to be housed with him. *Id*. at 3.

Plaintiff also asserted in his first complaint that he is a vulnerable adult, as defined in R.C.W. 74.34.030(22)(d), (f), that he was admitted to the TRU Sexual Offender Treatment Program ("SOTP") in 2018, and that despite his complaints about his cellmate sexually harassing him, the mandated reporters did nothing to keep the cellmate away from Plaintiff. *Id*. Plaintiff claimed that TRU staff allowed the cellmate to continue harassing him, resulting in undue stress and, ultimately, a physical attack on Plaintiff by the cellmate. *Id*. at 3. As relief, Plaintiff requested that the DOC make and enforce policies it can keep, and he requested $50,000 in damages. *Id*.

Plaintiff alleged in his second complaint that the DOC violated its Transitional Release Policy, which affects the conditions under which an inmate is released back into the community, when it failed to provide a "smooth, beneficial and comprehensive release plan" resulting in Plaintiff being released into the community homeless with no support system in place. Dkt. 8-1 at 1-2. Plaintiff claimed that he suffers from mental health disorders, which the DOC was aware of, and that the DOC's deficient actions in relation to his release plan placed both him and the community at great risk of harm. *See Id*. at 2-3. Plaintiff requested relief in his second

REPORT AND RECOMMENDATION - 2

complaint in the form of an order directing the DOC to provide him housing of his choice, a gift card in the amount of $2000 that would allow him to purchase clothing of his choice, a monthly bus card, help with D.S.H.S. benefits, and a phone and phone plan paid for by the DOC. *Id*. at 5.

Plaintiff identified the DOC as the lone Defendant in the caption of both of his complaints. However, in an attachment to his complaints Plaintiff set forth a list of the individuals purportedly involved in the incidents alleged in his pleadings. Dkt. 1-4. That list included a number of unnamed MCC employees as well as the Supervising DOC Officer at the Everett Community Supervision Office. *See id*.

After reviewing Plaintiff's submissions, this Court concluded that Plaintiff had not stated any viable claim for relief in his pleadings. Thus, on November 2, 2021, this Court issued an Order declining to serve Plaintiff's pleadings and granting him leave to file an amended complaint correcting specified deficiencies. Dkt. 9. The deficiencies noted by the Court were that: (1) the Washington DOC is not a person subject to suit under § 1983; (2) Plaintiff failed to provide sufficient identifying information to proceed against any of the other individuals identified in his materials as being involved in the incidents alleged in his pleadings; and (3) Plaintiff's allegations that Defendants violated the DOC's PREA and Transitional Release policies did not implicate federal constitutional concerns. *Id*. at 6-7.

Plaintiff was given thirty days to file an amended complaint correcting the noted deficiencies and was advised that if he failed to timely file an amended complaint, or to correct the deficiencies identified by the Court, the Court would recommend that the action be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B). To date, Plaintiff has filed no amended complaint.

REPORT AND RECOMMENDATION - 3

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff failed to state any viable claim for relief in his original pleadings, and because he has not filed an amended complaint correcting the deficiencies identified by the Court, this action must be dismissed.

### III.  CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B), for failure to state a viable claim for relief under § 1983. This Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 25, 2022**.

DATED this 31st day of January, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4